1
2
3
4
5
6
7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 HORACE LYNN JENKINS,               CASE NO. CV F 06-0962 OWW LJO

12          Plaintiff,                **ORDER TO PAY FILING FEE**
   vs.                                                     (Doc. 2.)

13
UNITED STATES DEPARTMENT OF
14 VETERAN'S AFFAIRS,

15          Defendants.
                                      /
16

17        On July 24, 2006, pro se plaintiff Horace Lynn Jenkins ("plaintiff") filed with this Court his

18 Application to Proceed without Prepayment of Fees and Affidavit ("application") to request to proceed

19 without prepayment of the $350 filing fee or costs under 28 U.S.C. § 1915. Plaintiff's application

20 indicates that he has more than $9,000 in cash, checking or savings, owns stocks and bonds valued at

21 $5,300 and receives disability or workers' compensation in an amount not disclosed.

22        Filing fees are addressed by 28 U.S.C. § 1914(a) which provides the "clerk of each district court

23 shall require the parties instituting any civil action, suit or proceeding, in such court . . . to pay a filing

24 fee . . ." and which is $350 for civil actions in this Court. This Court's Local Rule 77-121(c) provides

25 in pertinent part: "[T]he Clerk shall not file any paper, issue any process, or render any other service for

26 which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee is

27 prepaid." A person may be allowed to proceed with a civil action without paying a filing fee upon

28 submission of an affidavit stating he/she is unable to pay such fee, the nature of the action and the belief

1

he/she is entitled to redress. 28 U.S.C. § 1915(a)(1); *Rowland v. California Men's Colony*, 506 U.S. 194, 201, 113 S.Ct. 716, 720-721 (1993).

The affidavit required under 28 U.S.C. §1915(a) has been described as an "allegation of poverty." *Rowland*, 506 U.S. at 203, 113 S.Ct. at 722. In *Rowland,* 506 U.S. at 203, 113 S.Ct. at 722, the United States Supreme Court noted in reference to an application for in forma pauperis status:

> Poverty, in its primary sense, is a human condition, to be "[w]anting in material riches or goods; lacking in the comforts of life; needy," Webster's New International Dictionary 1919 (2d ed. 1942) . . . As we first said in 1948, "[w]e think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs ... and still be able to provide' himself and dependents 'with the necessities of life.' " *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43.

Plaintiff's application does not indicate that any other person is dependent upon him for support. He has assets and some form of income. Plaintiff is not poverty-stricken. If plaintiff is earnest in pursuing his claims, he appears to have the ability to pay the filing fee, waiver of which is reserved for the truly needy.

Accordingly, on the basis of good cause, this Court:

1. DENIES plaintiff's application to proceed without prepayment of fees; and

2. ORDERS plaintiff, no later than August 25, 2006, to pay the $350 filing fee.

**Plaintiff is admonished that this Court will take no action regarding his claims until he pays the $350 filing fee and that this Court will dismiss this action if plaintiff fails to timely comply with this order.**

IT IS SO ORDERED.

**Dated:    July 26, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                                  UNITED STATES MAGISTRATE JUDGE

2